**Francisco DIAZ GONZALEZ, et al., Plaintiffs,**

v.

**Hon. Juan M. RIVERA GONZALEZ, et al., Defendants.**

**Civ. No. 85–2116 HL.**

United States District Court,
D. Puerto Rico.

Sept. 1, 1987.

Eliezer Aldarondo Ortíz, Aldarondo & López Bras, Hato Rey, P.R., for plaintiffs.

Juan Rafael Gonzalez Munoz, Dept. of Justice, San Juan, P.R., for defendants.

## OPINION AND ORDER

LAFFITTE, District Judge.

Plaintiff Gladys Serrano claims her constitutional or civil rights, guaranteed by the First, Fifth, and Fourteenth Amendments were violated. Plaintiff Serrano was removed from her position as Director of Employment Security Bureau of the Department of Labor and Human Resources. This is a position of trust and confidence under the Puerto Rico Public Service Personnel Act, 3 L.P.R.A. sect. 1350.

Defendants move for partial summary judgment against plaintiff Serrano on the basis of qualified immunity. Plaintiff Serrano opposes defendants' motion and moves for partial summary judgment against defendants. The Court grants defendants' motion for partial summary judgment and denies plaintiff Serrano's motion for partial summary judgment.

In applying the two-part test of *Jimenez-Fuentes v. Torres Gaztambide,* 807 F.2d 236 (1st Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1888, 95 L.Ed.2d 496 (1987); and *Rosario Nevarez v. Torres Gaztambide,* 820 F.2d 525 (1st Cir.1987), the Court finds that defendants have answered in the affirmative the two-part inquiry, applicable in cases of political discrimination.

In examining the pleadings, motions, and the uncontested OP–16 form of plaintiff's predecessor, it becomes apparent that plaintiff Serrano's position relates to partisan political concerns. The inherent powers of the Director of the Employment Security Bureau, as enumerated in the OP–16 form, involved policymaking and representative duties for the Department of Labor. Specifically, the job requires the Director to:

> exercise responsibility and authority to manage, supervise and coordinate the Unemployment Insurance, Employment Service, Farm Placement programs ... determine when it is necessary to review or amend legislation in force as to Employment Security and any other regarding the programs under his administration; shall make the proper recommendations and shall submit the necessary bills

justifying the same before the Legislature

. . . . .

develop and maintain the operation of a (sic) employment service for unemployed Puerto Rican workers ...

investigate and recommend to the Labor Secretary the approval or disapproval of request to operate private employment agencies, pursuant to Act 417 of May 14, 1947

. . . . .

participate in interstate negotiations leading to the adoption of reciprocity agreements or covenants between the States and Puerto Rico for the payment of Unemployment Insurance

negotiate the assignment of federal and/or state government funds for the administration of the employment security acts

. . . . .

take part in contractual negotiations with farm employers in the United States for them to use Puerto Rican farm workers and shall make recommendations to the Labor Secretary as to the work contracts

render weekly, monthly, yearly and special reports (statistical and/or narrative) as required by the Labor Secretary, the Governor, the Legislature, the State or Federal Comptroller and the directors of the Regional Office of the National Bureau of Employment Security in relation to the activities performed by the Employment Security of Puerto Rico, in addition to all those required by law.

perform special duties as requested by the Assistant Secretary, the Labor Secretary or by the Directors of the Regional Office and the National Bureau of Employment Security.

These functions concern matters of partisan political interest and involve a degree of policymaking responsibility sufficient to insulate plaintiff from First Amendment protection. *Roman-Melendez v. Inclan*, 826 F.2d 130 (1st Cir.1987); *Rosario-Nevarez, supra; Mendez-Palou v. Rohena-Betancourt*, 813 F.2d 1255, 1260 (1st Cir. 1987).

After this determination, there is no reason not to decide the merits of plaintiff Serrano's case, as well as the qualified immunity issue. A trial could not produce any conceivable facts which would allow plaintiff Serrano to prove that she had constitutional protection against politically motivated dismissal. The parties do not contest the validity or accuracy of the OP–16 form. In line with the foregoing analysis, the Court finds that plaintiff's position was one for which political affiliation was an appropriate requirement for the job.

WHEREFORE, the complaint by plaintiff Gladys Serrano is ordered DISMISSED. There being no reason for delay, the Clerk shall enter partial judgment dismissing the claim of plaintiff Gladys Serrano.

IT IS SO ORDERED.